(No. 2845— )

ELLSWORTH H. VALENTINE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1941.*

WIRT HERRICK, for claimant.

GEORGE F. BARRETT, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This case comes before us on a motion to dismiss the complaint.

The complaint alleges that the claimant, while in the exercise of due care and caution for his own safety, was engaged on his land in repairing a floodgate across Camp Creek in Monticello Township, Piatt County, Illinois, where the track of the Illinois Central Railroad crosses said Camp Creek, and while he was so engaged two employees of the Department of Highways of the State of Illinois, were engaged in the execution of orders given them by the Department in loosening gravel for use on the highways of the State of Illinois, from a pit located on the opposite side of and directly across said railroad track and embankment which divided claimant's land where claimant was working, and that without any notice to the claimant, the agents of the State, on the opposite side of the railroad embankment and in close proximity to where the claimant was engaged, were using dynamite or other high explosives at the gravel pit; that the agents of the State knew or should have known the force of the explosives that they were using, and that it would cause missiles of frozen earth and gravel to be thrown with great force and violence over the embankment where the tracks of the railroad were and onto the property of the claimant, and that they knew or should have known that such missiles would be of such a nature and would be thrown by said explosives in such a way as to endanger the life and limb of claimant or anyone within the range of said missiles; that

without warning of any kind the agents of the State carelessly and negligently exploded a high explosive and that the claimant was injured thereby. Claimant asks damages in the sum of Nine Hundred Eighty-six Dollars and Eighty-one Cents ($986.81). An itemized statement of the damages was filed with the complaint.

The motion to dismiss admits that the State in the preparation of gravel to be used upon its highway was engaged in a governmental capacity, and, therefore, the State was not liable.

The Supreme Court of the United States and the Supreme Court of Illinois, and this court have repeatedly held that when a State is engaged in the exercise of a governmental function it is not liable for damages caused by the negligence of its servants or agents employed to do the same.

Counsel for claimant argues that the negligence in this case amounts to wilfullness and wantonness. The general rule above announced has been held many times to be the law, and this court has held that there are no exceptions to it.

The motion of the Attorney General will, therefore, be sustained.